UNITED STATES *v.* GENERAL BAKELITE CORPORATION (No. 2600)[1]

CRESYLIC ACID AND COAL-TAR PITCH MIXTURE.

> Paragraphs 27 and 1549, Tariff Act of 1922, must be construed together. If a tar distillate answers to either of the two distillation tests of paragraph 27, it is classifiable under it and not under paragraph 1549. *Lehn & Fink, Inc., v. United States,* 12 Ct. Cust. Appls. 359, T. D. 40519. Paragraph 27 embraces *all* distillates of the tars named which answer to either of its two prescribed tests; and paragraph 1549 embraces all distillates of the tars named which answer to its prescribed test, *except* such as are embraced within paragraphs 27 and 28. A mixture of a coal-tar pitch provided for in paragraph 1549 and a distillate (cresylic-acid) provided for in paragraph 27 is not classifiable as one of the distillate and pitch mixtures of paragraph 1549, since this provision is expressly limited to distillates and pitches classifiable under paragraph 1549. It is dutiable under the provision of paragraph 27 for "all mixtures, including solutions, consisting in whole or in part of any of the foregoing products provided for in this paragraph."

## United States Court of Customs Appeals, March 13, 1926

APPEAL from Board of United States General Appraisers, G. A. 8974 (T. D. 40825)

[Reversed.]

*William W. Hoppin* and *Charles D. Lawrence,* Assistant Attorneys General, for the United States.

*Barnes, McKenna & Halstead (Albert MacC. Barnes, jr.,* and *Samuel M. Richardson* of counsel) for appellee.

*Levi Cooke* and *Curtis, Fosdick & Belknap (James F. Curtis* of counsel) *amici curiae.*

---

[1] T. D. 41458.

[Oral argument December 7, 1925, by Mr. Lawrence, Mr. Richardson, Mr. Cooke, and Mr. Curtis]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This appeal from a judgment of the Board of General Appraisers involves the construction of paragraphs 27 and 1549 of the Tariff Act of 1922. The pertinent part of paragraph 27 reads as follows:

PAR. 27. * * * anthracene having a purity of 30 per centum or more, carbazole having a purity of 65 per centum or more, metacresol having a purity of 90 per centum or more, naphthalene which after the removal of all water present has a solidifying point of seventy-nine degrees centigrade or above, orthocresol having a purity of 90 per centum or more, paracresol having a purity of 90 per centum or more; all the foregoing products in this paragraph whether obtained, derived, or manufactured from coal tar or other source; *all distillates of coal tar, blast-furnace tar, oil-gas tar, and water-gas tar, which on being subject to distillation yield in the portion distilling below one hundred and ninety degrees centigrade a quantity of tar acids equal to or more than 5 per centum of the original distillate or which on being subjected to distillation yield in the portion distilling below two hundred and fifteen degrees centigrade a quantity of tar acids equal to or more than 75 per centum of the original distillate;* all similar products by whatever name known, which are obtained, derived, or manufactured in whole or in part from any of the products provided for in this paragraph, or from any of the products provided for in paragraph 1549; *all mixtures, including solutions, consisting in whole or in part of any of the foregoing products provided for in this paragraph, except sheep dip and medicinal soaps;* all the foregoing products provided for in this paragraph, not colors, dyes, or stains, color acids, color bases, color lakes, leuco-compounds, indoxyl, indoxyl compounds, ink powders, photographic chemicals, medicinals, synthetic aromatic or odoriferous chemicals, synthetic resinlike products, synthetic tanning materials, or explosives, *and not specially provided for in paragraph 28 or 1549,* 40 per centum ad valorem based upon the American selling price (as defined in subdivision (f) of section 402, Title IV) of any similar competitive article manufactured or produced in the United States, and 7 cents per pound: * * * (Italics ours.)

Paragraph 1549 reads as follows:

PAR. 1549. Coal-tar products: Acenaphthene, anthracene having a purity of less than 30 per centum, benzene, carbazole having a purity of less than 65 per centum, cumene, cymene, fluorene, methylanthracene, methylnaphthalene, naphthalene which after the removal of all the water present has a solidifying point less than seventy-nine degrees centigrade, pyridine, toluene, xylene, dead or creosote oil, anthracene oil, pitch of coal tar, pitch of blast-furnace tar, pitch of oil-gas tar, pitch of water-gas tar, crude coal tar, crude blast-furnace tar crude oil-gas tar, crude water-gas tar, *all other distillates of any of these tars which on being subjected to distillation yield in the portion distilling below one hundred and ninety degrees centigrade a quantity of tar acids less than 5 per centum of the original distillate, all mixtures of any of these distillates and any of the foregoing pitches, and* all other materials or products that are found naturally in coal tar, whether produced or obtained from coal tar or other source, *and not specially provided for in paragraph 27 or 28 of Title I of this Act.* (Italics ours.)

The case was submitted to the Board of General Appraisers upon the following stipulation:

* * * It is hereby stipulated and agreed between the Assistant Attorney General for the United States and counsel for the importer as follows:

That the merchandise described upon the invoice as three drums, coal-tar product, coal-tar distillate, 260 gallons at 3 shillings 8 pence per gallon and subject of this protest is a mixture of coal-tar pitch and a coal-tar cresylic-acid distillate:

That the coal-tar pitch constituent of the merchandise in question is a residue (not a distillate) obtained in the distillation of coal tar; that this residue was mixed with the coal-tar cresylic-acid distillate, and constitutes a solution to the extent that the soluble portion of the pitch reaches the state of solution with the distillate:

That it is impossible physically to have a mixture of coal-tar pitch and coal-tar distillate in which the pitch is not, to some extent, mixed to the point of solution with the distillate.

It is further stipulated and agreed that the above-entitled case may be submitted for decision upon the above stipulation, together with the appraiser's report, analysis, and all the papers in the case.

It is further stipulated and agreed that the counsel for the importers may have 15 days for filing brief, and the Assistant Attorney General may have 30 days for reply. * * *

The appraiser's report referred to in the stipulation reads as follows:

*. * * The merchandise consists of a solution composed of a mixture of coal-tar pitch and a coal-tar cresylic-acid distillate, which distillate on distillation yields more than 75% of tar acids distilling below 215° C. and less than 5% of tar acids distilling below 190° C.

A sample of the merchandise was admitted to the U. S. chemist, who reports that the sample consists of 7.0% water, 70.0% coal-tar acids, and 23.0% of pitch. and when subjected to distillation yields less than 5.0% tar acids distilling below 190° C. and less than 75.0% below 215° C.; but when the cresylic-acid distillate portion was separated from the pitch and distilled alone it yielded less than 5% of tar acids distilling below 190° C. and more than 75% of tar acids distilling below 215° C.

It is the contention of this office that the provision in paragraph 1549 for "all mixtures of any of these distillates and any of the foregoing pitches" is qualified by the provision "not specially provided for in paragraph 27." As this is a solution composed of a mixture of coal-tar pitch and a cresylic-acid distillate, which distillate is specially provided for in paragraph 27 as distilling, below 215° C., more than 75% of tar acids, it is removed from the provision of paragraph 1549 by virtue of the n. s. p. f. clause in said paragraph. Note also that solutions are not provided for in 1549. See G. A. 8736 (T. D. 39992) holding cresylic-acid distilling below 190° C. a quantity of tar acid less than 5% of the original distillate and more than 75% of tar acid distilling below 215° C. dutiable under paragraph 27. * * *

It appears from the appraiser's report that the merchandise consists of a solution composed of a "mixture of coal-tar pitch and cresylic-acid distillate." The stipulation contains the statement that the

merchandise is a "mixture of coal-tar pitch and a coal-tar cresylic-acid distillate;" that the pitch is a "residue (not a distillate) obtained in the distillation of coal-tar;" that this pitch was mixed with a coal-tar cresylic-acid distillate; that the mixture thus obtained "constitutes a solution to the extent that the soluble portion of the pitch reaches the state of solution with the distillate;" and that "it is impossible physically to have a mixture of coal-tar pitch and coal-tar distillate in which the pitch is not, to some extent, mixed to the point of solution with the distillate."

It further appears from the analysis made by a Government chemist that, when the imported merchandise was subjected to distillation, it yielded less than 5 per centum tar acids distilling below 190° C., and less than 75 per centum below 215° C. However, the cresylic-acid distillate, when separated from the coal-tar pitch and subjected to distillation, yielded, in the portion distilling below 150° C., a quantity of tar acids less than 5 per centum of the original distillate; and, in the portion distilling below 215° C., a quantity of tar acids more than 75 per centum of the original distillate.

The board held, McClelland, G. A., dissenting, that, while the imported merchandise was included in the provision for "all mixtures, including solutions, consisting in whole or in part of any of the foregoing products provided for in this paragraph, except sheep dip and medicinal soaps;" contained in paragraph 27, *supra*, it was more specifically provided for in the provision for "all mixtures of any of these distillates and any of the foregoing pitches," contained in paragraph 1549, *supra*, and sustained the protest.

It is claimed by the Government that the merchandise is aptly described in the provision for "mixtures" and "solutions" contained in paragraph 27, *supra*, but that it does not come within the provision for "all mixtures" in paragraph 1549, *supra*.

It is contended by counsel for the appellee that the involved merchandise is a mixture containing one of the coal-tar distillates mentioned in paragraph 1549, *supra*, and coal-tar pitch, which is also provided for therein; and that, as the "mixtures" included within that paragraph are specially limited to such as are composed of the pitches and coal-tar distillates specially provided for therein, the provision therefor is more specific than the general provision for "mixtures" and "solutions" contained in paragraph 27, *supra*.

Paragraph 1549, *supra*, provides for "pitch of coal tar, pitch of blast-furnace tar, pitch of oil-gas tar, pitch of water-gas tar, crude coal tar, crude blast-furnace tar, crude oil-gas tar, crude water-gas tar, and *all other distillates* of any of these tars which on being subjected to distillation yield in the portion distilling below one hundred and ninety degrees centigrade a quantity of tar acids less than 5 per centum of the original distillate, all mixtures of any of *these distillates*

and any of the *foregoing pitches.* \* \* \* and not specially provided for in paragraph 27 or 28 of Title I of this Act." (Italics ours.)

Paragraph 27, *supra*, provides for "all mixtures, including solutions, consisting in whole or in part of any of the foregoing products provided for in this paragraph, except sheep dip and medicinal soaps; \* \* \* and not specially provided for in paragraphs 28 or 1549."

It will be observed that paragraph 27 *supra*, provides a double test for coal-tar distillates. Its provisions cover all those distillates of the various coal tars mentioned, which, when subjected to distillation, yield, in the portion distilling below 190 degrees centigrade, a quantity of tar acids *equal to or more* than 5 per centum of the original distillate or yield in the portion distilling below 215 degrees centigrade a quantity of tar acids *equal to or more* than 75 per centum of the original distillate. Therefore, if a coal-tar distillate responds to either of these tests, it is specially provided for in that paragraph.

We held in the case of *Lehn & Fink* v. *United States*, 12 Ct. Cust. Appls. 359, T. D. 40519, that, in order to determine the intention of Congress as expressed therein and to give effect to the provisions thereof, paragraphs 27 and 1549, *supra*, should be construed together. When this is done it plainly appears that the distillates provided for in paragraph 27 were intended to be excluded from paragraph 1549, *supra*, and that the distillates provided for in the latter paragraph were not included within the provisions of the former. Accordingly, if a distillate answers to either of the tests provided for in paragraph 27, *supra*, it is excluded from paragraph 1549, *supra*. If this were not true it would be impossible to reconcile the provisions of the two paragraphs. But we are not required to resort to rules of construction in order to ascertain the legislative purpose. The Congress has plainly indicated by the "not specially provided for" clauses contained in the paragraphs in question that their respective provisions should be considered together. Moreover, the Congress has plainly said that the distillates provided for in paragraph 1549, *supra*, were not included in paragraph 27, *supra*. The language in paragraph 27, *supra*, is "all distillates" of the coal tars mentioned therein; while the language of paragraph 1549, *supra*, is "all *other* distillates" of the coal tars mentioned in the paragraph. (Italics ours.) Obviously, the provision for "all *other* distillates" in the latter paragraph was intended to embrace all distillates which responded to the test provided therein, other than those provided for in paragraphs 27 and 28 of the act. (Italics ours.)

It is stipulated that the mixture or solution in question is composed of a coal-tar pitch, which is specially provided for in paragraph 1549, *supra*, and a coal-tar distillate, cresylic-acid, which distillate, when subjected to distillation, responds to the second test provided

by paragraph 27, *supra*. The distillate constituent of the mixture or solution is, therefore, specially provided for in paragraph 27, *supra;* and, being specially provided for therein, is not included in the provision for "all other distillates" contained in paragraph 1549, *supra*. *Lehn & Fink* v. *United States, supra*.

The provision for "all mixtures" contained in paragraph 1549, *supra*, being expressly limited to such as are composed of the pitches and distillates provided for therein, does not, therefore, include the merchandise in question.

The judgment is *reversed*.